UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HAROLD TUCKER, | : | |
| Petitioner, | : | Civ. No. 20-10586 (KM) |
| v. | : | |
| JAMES SLAUGHTER, et al., | : | **MEMORANDUM AND ORDER** |
| Respondents. | : | |

Petitioner Harold Tucker is proceeding pro se with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to screen the petition for summary dismissal. For the reasons explained in this Memorandum and Order, the Court will require Petitioner to clarify whether he has fully exhausted all the grounds for relief he wishes to bring in his one all-inclusive habeas petition.

Under the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), the Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254

to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

Federal district courts may not adjudicate mixed petitions, i.e. petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 273 (2005). Normally, the Court is directed to dismiss a mixed petition without prejudice, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause a petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review. *Id.* at 274–76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. If a stay is not warranted, then the petitioner may elect to delete the unexhausted claims. *See Gould v. Ricci*, Civ. No. 10-1399, 2011 WL 6756920, at *3 (D.N.J. Dec. 19, 2011). If the petitioner does not delete the unexhausted claims, then the Court must either (a) dismiss the entire § 2254 petition as unexhausted, or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2). *Id.*; *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Carrascosa v. McGuire*, 520 F.3d 249, 255 (3d Cir. 2008).

Here, Petitioner indicates that he still has a pending petition for post-conviction relief ("PCR") in state court. (DE 1 at 5, 13.) In his PCR petition, he raised the following issues:

> Point I: Defendants rights to effective assistance of counsel was violated for counsels failure to do a pre-trial investigation, to investigate the crime scene, contacting witnesses, and reviewing documentary evidence favorable to the defense which deprived the defendant of his due process and a fair trial.
>
> Point II: The prosecutors pervasive misconduct denied the defendant of due process and a fair trial in violation of <u>Brady v. Maryland</u>.
>
> Point III: The cumulative effect of the errors discussed above deprived the defendant of his due process a fair trial and warrants a[n] evidentiary hearing and a new trial.

(DE 1 at 19–20.)

Petitioner presents these same claims in his § 2254 petition.[1] Thus, it would appear that these claims are unexhausted. (*Id.* at 30, 40, 64.) Additionally, some of the claims Petitioner raises in his § 2254 do not appear to have been raised to all three levels of the New Jersey courts during Petitioner's direct appeal. (*Compare id.* at 19, *with id.* at 21–65.) Specifically, the following grounds for relief do not appear to have been raised before the New Jersey Supreme Court:

> GROUND TWO: The trial court abused its discretion by admitting into evidence irrelevant and highly prejudicial evidence that the defendant had a large amount of cash at his disposal on the day of his arrest. 14th Amendment violation.
>
> GROUND THREE: Defendant was deprive[d] of due process and a fair trial by the trial courts failure to frame its instruction on the duty to retreat based on the circumstances that existed at the moment the defendant resorted to deadly force. 14th Amendment violation.
>
> GROUND FOUR: The trial courts responses to jury questions were so unhelpful and prejudicial as to deprive the defendant of due process under the 5th and 14th Amendment.[2]

---

[1] On direct appeal, Petitioner appears to have raised a similar claim that, "The prosecutor's pervasive misconduct denied the defendant of due process and a fair trial." (DE 1 at 19.) Thus, the claim may have been exhausted on direct appeal. However, it is unclear whether the claim raised on direct appeal is the same as the one Petitioner raised during his PCR proceedings.

[2] It appears Petitioner raised on direct appeal the trial court's failure to clarify several questions from the jury. (DE 1 at 19.) However, it does not appear that he challenged all of the responses to the jury questions he now contends were improper in his habeas petition. (*Id.* at 25–30.)

>    GROUND EIGHT: The State Forensic pathologist testified to issues outside his field and expertise.
>
>    GROUND NINE: Defendant[']s constitutional rights to due process were violated under the confrontation clause.
>
>    GROUND ELEVEN: The trial court committed reversible error by presenting to the jury an unbalanced and misleading summary of the evidence and deprived the jury of making a credibility assessment of the facts to reach a fair verdict.

(*Id.* at 23–26, 37–38, 61.)

Finally, Petitioner's twelfth ground for relief does not appear to have been presented at all during his state court proceedings, either on direct appeal or in his PCR application. (*Compare id.* at 19–20, *with id.* at 63.)

Accordingly, the Court will direct Petitioner to submit a written statement within 45 days of this Order, clarifying whether all the grounds for relief raised in his petition are duly exhausted and providing the relevant dates. To the extent his state court proceedings are ongoing or if any of his grounds for relief are unexhausted, Petitioner may either delete the unexhausted claim(s) or request a stay pursuant to *Rhines*. If Petitioner fails to respond to the Court's Memorandum and Order, his petition may be dismissed without prejudice as a mixed petition. The Court will administratively terminate this matter pending Petitioner's response to this Memorandum and Order.

**IT IS** on this 18th day of September 2020,

**ORDERED** that, having screened the petition for dismissal pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court will require Petitioner to submit a written statement within 45 days of the date of this Memorandum and Order, clarifying whether he has exhausted all grounds for relief he wishes to bring in his all-inclusive habeas petition; and it is further

**ORDERED** that if any of the grounds for relief are unexhausted Petitioner may delete the unexhausted claim(s) or request a stay pursuant to *Rhines v. Weber*, 544 U.S. 273 (2005); and it is further

**ORDERED** that if Petitioner fails to respond to the Court's Memorandum and Order, the petition may be subject to dismissal without prejudice as a mixed petition; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular mail and **ADMINISTRATIVELY TERMINATE** this matter pending Petitioner's response.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge